NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VERNICE LOCKHART JAMES,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3120

---

Petition for review of the Merit Systems Protection Board in No. AT-3443-14-0870-I-1.

---

Decided: February 29, 2016

---

VERNICE LOCKHART JAMES, Columbia, SC, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before NEWMAN, DYK, and O'MALLEY, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Vernice Lockhart James, a Senior Case Technician at the Social Security Administration's Office of Disability Adjudication and Review ("ODAR") appeals the decision of the Merit Systems Protection Board ("MSPB" or "Board") affirming the ODAR's action of non-selection.[1]  We have reviewed the issues, and now affirm the Board's decision.

BACKGROUND

While employed in her current position, Ms. James applied for the position of Lead Legal Assistant.  She was not selected for the position, she states due to harmful procedural error and defamation.  She filed a grievance with her union; the grievance was unsuccessful.  She then appealed to the MSPB.

The administrative judge advised Ms. James that non-selection is not an actionable adverse action, with limited exceptions such as non-selection in retaliation for whistleblowing.  Ms. James responded that her non-selection was due to her whistleblowing activity involving the allegedly fraudulent use of Vocational Experts in agency disability hearings.  The full Board then ruled that Ms. James had not complied with the required administrative step whereby whistleblowing complaints must first be taken to the Office of Special Counsel.  Ms. James had meanwhile filed a complaint with the Office of Special Counsel, including allegations of non-selection for a program called the GEAR Program and for a position as an equal employment opportunity counselor.  The OSC had not completed its investigation at the time of Ms. James appeal to the full Board.  Ms. James also sent the full Board various additional materials that had been provided to the OSC, but the Board refused them as untimely and insufficient to warrant a different outcome.

---

[1]    *James v. Social Security Administration,* M.S.P.B. No. AT-3443-14-0870-I-1 (February 11, 2015).

DISCUSSION

Although the parties dispute the timeliness and completeness of various submissions, appeal of non-selection is not available unless the non-selection was due to whistleblowing and the requirements for whistleblower review are met.  Ms. James states that the MSPB erred in holding that it could not review her non-selection, for she provided sufficient information to the MSPB to show whistleblowing and retaliation, including some new evidence.  However, the Board states, and Ms. James apparently agrees, that the OSC had not completed its inquiry at the time that Ms. James proceeded at the MSPB.  On this basis, the Board correctly dismissed this appeal as premature, a ground that the Board called "lack of jurisdiction."

The MSPB also states that Ms. James filed a grievance with her union regarding her non-selection, and that this precludes her from also bringing a whistleblowing claim on the same action, see 5 U.S.C. § 7121(d); § 7121(G)(2).  Ms. James does not respond to this position.

The decision of the Merit Systems Protection Board is

**AFFIRMED.**

No costs.